IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY J. MASSE,                                  No. CIV S-08-0147-FCD-CMK-P

    Petitioner,

  vs.                                          FINDINGS AND RECOMMENDATIONS

JAMES DAVIS, et al.,

    Respondents.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss (Doc. 11).

**I.  BACKGROUND**

    Petitioner was convicted of first degree murder and other crimes on November 3, 1986, following a jury trial and sentenced to 25 years to life in state prison.  It does not appear that petitioner ever filed a direct appeal.  According to respondents, petitioner's minimum eligible parole release date was August 17, 1998.  A parole suitability hearing was held in 1997 at which time parole was denied for four years.  A subsequent parole suitability hearing was held

in 2001 and parole was denied for two years.  A third hearing was held in March 2004 at which time parole was denied for three years.  The most recent parole hearing was held in May 2007 and parole was again denied, this time for four years.

In March 2003, petitioner filed a petition for a writ of habeas corpus in this court, which was assigned case no. CIV-S-03-0517-LKK-KJM.  In that case, petitioner challenged the statute under which he was sentenced.  This prior federal petition was dismissed as untimely on March 31, 2005.  The Ninth Circuit Court of Appeal denied petitioner's request for a certificate of appealability on September 9, 2005.

With respect to the claims raised in the instant petition, petitioner filed a state habeas action in the Sacramento County Superior Court on May 9, 2006.  In its June 27, 2006, order denying relief, the Superior Court stated:

> Petitioner was sentenced to twenty-five years to life with a ten-year concurrent enhancement.  Petitioner contends that he had a vested right to release on parole based on his minimum term of twenty-five years, less his good-time credits.  Under his theory, he calculates that he was required to be released on November 17, 2000.  He is not contesting any particular parole suitability decision, but contends that his sentence is being arbitrarily and wrongly administered by Respondents.
>
> * * *
>
> Despite his arguments to the contrary, Petitioner is serving an indeterminate sentence. (citation omitted).  When a defendant is serving an indeterminate prison term, the Board is vested with power to rescind or postpone his or her parole date for cause. (citations omitted).  Only under the determinate sentencing law has the Legislature decreed that 'at the expiration of a term of imprisonment . . . imposed pursuant to Section 1170 or at the expiration of a term reduces pursuant to Section 2931, if applicable, the inmate shall be released on parole for a period not exceeding three years, unless the parole authority for good cause waives parole and discharges the inmate from custody of the department." (citation omitted).
>
> Petitioner is correct that good-time credits may reduce the minimum term, but that date gives rise to nothing more than an earlier eligibility for parole.  An inmate eligible for parole must still be found suitable for parole before a release date is set.
>
> * * *

1  Petitioner has demonstrated no violation of his sentence or parole
2  regulations, and has failed to show an illegal condition of confinement that
   the court should remedy.  There is thus no relief to which he is entitled at
3  this time.  He has failed to state a prima facie case for habeas relief.

4  The California Court of Appeal denied relief without comment or citation on August 31, 2006.

5  The California Supreme Court denied relief, also without comment or citation, on January 24,

6  2007.  The instant federal petition was filed on January 22, 2008.

## II.  DISCUSSION

Respondents argue, among other things, that the current petition is untimely. Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).  In cases involving a challenge to the denial of parole, the statute of limitations begins to run on the date that parole is denied.  See Redd v. McGrath, 343 F.3d 1077, 1085 (9th Cir. 2003).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, ___ U.S. ___ (Nov. 5, 2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to

3

a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, ___ U.S. ___ (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

To the extent petitioner challenges his sentence, the statute of limitations began running the day after AEDPA's effective date, or on April 25, 1996, because petitioner's conviction became final before the effective date.  To the extent petitioner challenges a particular parole decision, the statute of limitations began running from the date of the parole denial in 2004.[1]  Therefore, the best-case scenario for petitioner is that the limitations period commenced

---

[1] While parole was also denied in 2007, it is not possible that this decision is the subject of petitioner's instant claims because the first state court action relating to his claims was

4

in March 2004. The record reflects that his first state court action relating to the claims raised in this case was filed May 9, 2006 – more than one year after March 2004. Therefore, under this best-case scenario, the one-year limitations period had expired before petitioner filed his first state court action. As a result, petitioner is not entitled to any tolling incident to the state court actions and the instant petition is untimely.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondents' motion to dismiss (Doc. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2008

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

---

filed in 2006 – before the 2007 parole denial.